## Case No. 6,427.

### HERRON v. The PEGGY.

[Bee, 57.] [1]

District Court, D. South Carolina. Oct. 21, 1794.

SEAMEN—WAGES—ENTRY IN LOG-BOOK—EVIDENCE.

The entry in the log-book according to the act of congress was defective, as to the point of this man's leaving the ship. But a partial forfeiture of wages was decreed, from other evidence.

[Cited in The Martha, Case No. 9,144; Knagg v. Goldsmith, Id. 7,872.]

It appears from the articles and evidence produced in this case, that the actor [William Herron], on the 9th October, 1793, shipped in this port, as cook of this schooner, at ten dollars per month. That he performed the voyage out and home, and discharged his duty well. That, on the day after the vessel returned here, he went ashore; and though he came back within the twenty-four hours of each day, yet he never did any work on board afterwards. On the 2d October he quitted the vessel finally, and went to sea on another voyage, leaving a letter of attorney to receive his wages. It appears that after he first left the schooner, the captain hired another cook in his room, who continued on board at a dollar per day, notwithstanding this man's regular appearance on board daily. It is contended on the part of the owners that this leaving of the vessel without permission amounts to a forfeiture of all this man's wages; and the 5th clause of the act of congress [of 1790 (1 Stat. 133)] "for the government and regulation of merchant seamen" has been relied upon to this effect. The articles also were produced to this point. I am to decide whether a total or partial forfeiture of wages has been incurred. It is part of the law of all the maritime powers that if a seaman be absent from his ship forty-eight hours, without leave, he forfeits his wages. Congress has adopted this regulation; and the only new matter contained in our law upon this point is relative to the sort of evidence by which such misbehaviour shall be proved. In order to fix the forfeiture, it was formerly necessary to make a protest before some notary or other officer, and that upon

1 [Reported by Hon. Thomas Bee, District Judge.]

oath. The act of congress declares, that in such cases the officer having charge of the log-book, shall make an entry therein of the name of the offending seaman; and, if he return within forty-eight hours, he shall only forfeit three days' wages, for each day of absence. But if he absent himself for more than forty-eight hours, he shall forfeit the whole. The mate, or officer having the log-book, is, by this act, vested with very extensive powers. He is not sworn to the faithful discharge of this duty, and, if a bad man, may materially injure every incautious mariner; and such is their general character. The act is highly penal in other respects, particularly as it authorizes commitment to jail for leaving the vessel without permission. I think, therefore, it should be construed strictly: it is favourable, indeed, to owners and shipping, but highly rigid as respects the seamen.

I will now recur to the evidence in this cause. We find by the log-book that this schooner arrived at our wharves on Sunday the 21st September at two o'clock in the afternoon. An entry is made that the cook went ashore that day without leave of any person on board. No other charge appears against him, nor any thing else respecting him; no mention is made of his ever returning on board. Yet the mate in his examination declared that he came on board the next day, and staid an hour and a half; that he was there in liquor; that he continued to come on board daily, and staid always about the same space of time. Not only is the log-book silent as to this, but we find almost daily mention that "all hands were on board lading salt." Nothing conclusive therefore, appears in the log-book. If at the end of forty-eight hours from the time he first absented himself it had been entered that he had not returned, a forfeiture must have followed. As it is, we should rather infer that he was included in the expression "All hands on board." We must, therefore, have recourse to other evidence.

The mate proves that another cook was hired in the actor's place, but does not know by whom. The captain is gone to sea, and we lose the benefit of his testimony.

Mr. Wyatt's evidence must be conclusive as far as it goes. He says that a few days after the vessel arrived, he was on board, and the captain asked him if he had seen the cook. He answered, that the cook was on shore with a sore leg. The captain desired him to advise the cook to return on board, and save the money he had earned, as he was then paying a dollar a day to a substitute. He added some further advice as to this man and a large family who would suffer by his neglect of duty, as well as waste of money on shore. From this it would seem that neither the captain nor the actor entertained a

thought of a total forfeiture at this time. The 7th section of the act allows the master to have his seamen sent to jail for an offence of this sort; but he preferred hiring one in his room, out of regard both to him and his family. Wyatt says the man acquiesced in the captain's hiring a person in his room; here, then, is a tacit agreement between them, under the impression of which the man seems to have gone to sea, leaving a power to receive his wages, subject to this deduction. Neither vessel, owner, nor captain was injured by the arrangement, and I see no equitable cause why he should forfeit what he had so well earned for twelve months preceding. As to the remedy under the act, it was waived by the defective entry in the log-book. Nevertheless, I think the conduct of this man blamable, and that he ought to be mulcted agreeably to one part of the clause above cited. He was absent from the vessel fifteen days previous to the 7th October, when the vessel was discharged; he must therefore lose forty-five days wages, that is, a month and a half at ten dollars................. 15

Hire of a substitute for fifteen days, at
  one dollar per day.................... 15
                         —

                    Dollars 30

Let that sum, then, be deducted from what is due to him; and as the act declares that where one person is hired in the room of another, damages shall be recovered with costs, I decree further that the actor pay the costs of this suit.